IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURGDIVISION

James Edward Hardin, # 275030,  )
                                )
                                )     Civil Action No. 7:14-2907-MGL-KFM
              Plaintiff,         )
                                )     **REPORT OF MAGISTRATE JUDGE**
      vs.                        )
                                )
Amy Streets,                    )
                                )
                                )
              Defendant.         )
_____ )

      The plaintiff is an inmate at the Broad River Correctional Institution where he is serving sentences for armed robbery, kidnapping, and assault with intent to kill entered in the Court of General Sessions for Spartanburg County in 2001.  The plaintiff must also serve a consecutive sentence of 125 months for three firearms-related convictions entered in *United States v. James Edward Hardin*, Criminal No. 7:00-314-GRA-2 (D.S.C.).  The defendant is a resident of Spartanburg, South Carolina. In the right column of the caption of the complaint, the plaintiff indicates that the above-captioned case is a breach of contract action brought pursuant to S.C. Code Ann. § 32-3-10 "and or" S.C. Code Ann. § 27-35-20.

      In the "STATEMENT OF CLAIM" portion of the complaint, the plaintiff alleges that he entered into an agreement with the defendant for her to edit the plaintiff's 300 page manuscript (doc. 1 at 3).  According to the plaintiff, the agreement stated that the defendant was to receive $300 in advance to begin the project, $50 for software, $250 for labor, plus additional payments upon the completion of the project (*Id.*).  The plaintiff alleges that:  (1) In August of 2013, the defendant told him that her computer could not carry out the task (*Id.*); (2) The plaintiff immediately began to request that the

defendant return the plaintiff's manuscript to him; and (3) The plaintiff is bringing this civil action because the defendant has not returned the manuscript (*Id.*). In his prayer for relief, the plaintiff seeks return of the manuscript and the $300 that he has paid to defendant (*Id.* at 5).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The plaintiff is a *pro se* litigant, and thus the plaintiff's pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

There is no basis for federal question jurisdiction in this case under 28 U.S.C. § 1331 because the defendant, as a private citizen who allegedly contracted with the plaintiff, has not acted under color of state law. *See American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–52 (1999).

This federal court does not have diversity jurisdiction to consider any state law claims pursuant to the South Carolina Code of Laws because the plaintiff and the defendant are citizens of South Carolina. *See* 28 U.S.C. § 1332; and *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806). Moreover, the jurisdictional amount (in excess of $75,000) required by the diversity statute is obviously not met in the above-captioned case. *See*, *e.g.*, *Bennett v. Coca-Cola Co.*, Civil Action No. 2:11-3368-TMC-JDA, 2012 WL 260010, at *3 (D.S.C. Jan. 4, 2012) (collecting cases in and outside the District of South Carolina), *adopted by* 2012 WL 256550 (D.S.C. Jan. 27, 2012).

2

Since there is no basis for federal question or diversity jurisdiction in this case, this federal court lacks subject-matter jurisdiction over the above-captioned case, and the case should be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

July 28, 2014                                          s/ Kevin F. McDonald
Greenville, South Carolina                    United States Magistrate Judge

3

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

4